IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER:
DIVISION:

MBIKUSITA ATKINSON,

    Plaintiff,

vs.

AMERICAN MODERN HOME
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** the Plaintiff, MBIKUSITA ATKINSON ("hereinafter Plaintiff"), by and through the undersigned attorney, and sues the Defendant, AMERICAN MODERN HOME INSURANCE COMPANY (hereinafter "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for breach of contract pursuant to an insurance policy for a loss with a value of more than Fifteen Thousand Dollars ($15,000).

2. At all material times hereto the Plaintiff was and is a natural person residing in Miami-Dade County, Florida.

3. At all material times hereto Defendant was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Miami-Dade County, Florida.

4. Jurisdiction and venue of this matter are proper in the Circuit Court for Miami-Dade County, Florida.


EXHIBIT 2

## **FACTUAL ALLEGATIONS**

5. Prior to August 20, 2012, Plaintiff purchased personal auto insurance from Defendant to insure his 2005 Bentley, (hereinafter "Plaintiff's Property").

6. Upon information and belief, the insurance policy referenced in Paragraph 5 had a policy number of 051663908 (hereinafter "The Policy"). A copy of The Policy is not in Plaintiff's possession, but has been requested in the attached Request for Production.

7. The Policy was issued by Defendant to the Insured to provide insurance coverage which included, but was not limited to theft coverage afforded to protect the Insured's Property against theft.

8. The Policy was issued by Defendant to the Plaintiff and was in full force and effect as of August 20, 2012.

9. The Plaintiff is a named insured under The Policy.

10. On or about August 20, 2012, the Plaintiff's vehicle was stolen (hereinafter "Loss Event").

11. The Loss Event was covered under The Policy issued by Defendant to Plaintiff.

12. Shortly after the Loss Event, Plaintiff contacted the Defendant and informed them about the loss and a claim # 2522143001 was issued.

13. Thereafter, Defendant wrongfully denied Plaintiff's claim on or around August 16, 2017.

14. The Policy was in full force and effect as to the Plaintiff at all times material to this Complaint, including when Plaintiff's Property was stolen as described above.

15. Defendant wrongfully withheld payment of the proceeds of the policy.

16. All conditions precedent have been satisfied by the Plaintiff or have been waived by the Defendant.

17. Despite adequate notice to the Defendant related to the Loss Event, Defendant has denied coverage of the loss and has refused to pay or reimburse Plaintiff for the fair markey value of the vehicle and rental costs as provided for under The Policy.

## COUNT I

## BREACH OF CONTRACT

18. Plaintiff restates and realleges the allegations in Paragraphs 1 through 17.

19. The Plaintiff is a named insured under the Subject Policy drafted and sold to the Plaintiff affording insurance coverage for damages to the Plaintiff's Property.

20. The Subject Policy was in full force and effect, and provided coverage for loss to the Insured, including losses associated with theft, for all times material to this Complaint, including but not limited to specifically the Date of Loss, when the Plaintiff's Property was stolen as described above.

21. Plaintiff has complied with all conditions precedent to the bringing of this lawsuit, and therefore entitle Plaintiff to recover the full amount of the above referenced loss.

22. Despite demand for payment, the Defendant has refused to pay for the loss as described above.

23. The Defendant's refusal to adequately compensate Plaintiff for the loss related to the theft of Plaintiff's Property, or otherwise make Plaintiff whole, constitutes a breach of contract.

24. The Plaintiff has been damaged as a result of the Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

25. The Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the aforesaid contract of insurance.

26. As a result of the Defendant's aforementioned breach of contract, it has become necessary that the Plaintiff retain the services of the undersigned attorneys pursuant to Fla. Stat. §627.428 (2014). Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

27. Plaintiff is entitled to recover attorney's fees and costs under Fla. Stat. §627.428 (2014).

WHEREFORE, Plaintiff, MBIKUSITA ATKINSON, requests this Honorable Court as follows:

    a. to award Plaintiff actual damages related to the Loss Event together with all applicable pre-judgment interest;

    b. to award Plaintiff reasonable attorney's fees pursuant to Fla. Stat.§ 627.428;

    c. to award Plaintiff costs; and

    d. to declare such other and further orders or decrees as justice may require and as may seem just and proper to this court.

## JURY TRIAL DEMAND

24. Plaintiff demands a trial by jury on all issues so triable.

DATED this 11th day of March 2018.

Respectfully Submitted,

Francisco Cieza, P.A.

2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
Tel: (305) 200-8748
Fax: (305) 397-2379
E-Service: Info@ciezalaw.com

BY: */s/ Francisco Cieza, Esq*
Francisco Cieza, Esq.
FBN: 68485

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant by way of the e-filing portal to:

Francisco Cieza, P.A.
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
Tel: (305) 200-8748
Fax: (305) 397-2379
E-Service: Info@ciezalaw.com

BY: */s/ Francisco Cieza, Esq*
Francisco Cieza, Esq.
FBN: 68485